USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

KALLIJACH ANTONIO,

        Plaintiff,

  -against-

UNITED STATES OF AMERICA

        Defendant.

------------------------------------------X

14 Civ. 2072 (RWS)

OPINION

A P P E A R A N C E S:

    Attorney for Plaintiff

    Plaintiff, *pro se*
    Kallijach Antonio
    1211 Washington Avenue
    Bronx, NY 10456

    Attorney for Defendant

    JOON H. KIM
    Acting United States Attorney
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007
    By: Andrew C. Adams, Esq.

**Sweet, D.J.**

Plaintiff Kallijach Antonio ("Antonio" or the "Plaintiff") has requested, through a motion styled as a "Motion to Reveal Witness Identity," that the United States (the "Government" or "Defendant") be ordered to provide Plaintiff the name of a confidential informant involved in a Drug Enforcement Agency ("DEA") narcotics investigation. For the reasons set forth below, Plaintiff's motion is denied.

**Prior Proceedings**

Plaintiff is an administrator of a Chase Manhattan Bank safety deposit box that was seized by the DEA in 2003 as part of a narcotics investigation; the safety deposit box was part of the estate of Audley Antonio. (See Dkt. No. 2, at 5-6.) On March 17, 2014, Plaintiff filed a complaint against the Government that sought to unseal the docket for case number 03 Mag. 1158 and access the search warrant authorizing the safety deposit box's seizure (the "Search Warrant"). (Dkt. No. 2 (the "Complaint).) On May 21, 2014, a stipulation between Plaintiff and the Government was entered unsealing the docket. (Dkt. No. 6.)

On June 6, 2017, Plaintiff filed the instant motion. (Dkt. No. 7.) The motion was taken on submission and, on July 14, 2017, marked fully submitted.

**Plaintiff's Motion is Denied**

Plaintiff has moved to require the Government to disclose the name of a confidential informant described in the Search Warrant. Because the Court lacks the jurisdiction to consider Plaintiff's motion, it must be denied.

First, the Court lacks jurisdiction because there is no underlying, operative complaint. Plaintiff filed her Complaint in 2014, which was resolved and dismissed pursuant to a stipulation between the parties later that same year. Plaintiff has not filed a new complaint since that time. In the absence of an operative pleading, the instant motion must be dismissed. See, e.g., Farrell v. Ignatius, 283 F. Supp. 58, 60 (S.D.N.Y. 1968) ("Since no complaint was filed and no summons was issued in the case at bar, no action has ever been commenced or is pending in this court. The court has no jurisdiction to act."); see also Fed R. Civ. P. 3 ("A civil action is commence by filing a complaint with the court.").

Second, the Court lacks jurisdiction because Plaintiff's request is procedurally improper. Requests for information of the sort Plaintiff seeks first need to be requested of the appropriate government agency—in this case, the DEA—according to that agency's regulations. See 28 C.F.R. § 16.21 et seq. (known as Touhy requests); see also Manzo v. Stanley Black & Decker, Inc., No. 13 Civ. 3963 (JFB) (SIL), 2017 WL 1194651, at *4 (E.D.N.Y. Mar. 30, 2017) ("Agencies have since referred to requests for records or testimony from federal agencies or employees under these types of regulations as Touhy requests" (internal quotation marks, citation, and alteration omitted)). There is no evidence that Plaintiff has made such a request and, absent an exhaustion of administrative remedies, there is no ground for judicial action. See In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 190, 192 (2d Cir. 2004) (stating that "a party seeking judicial review of an agency's non-compliance with a subpoena must first exhaust his or her administrative remedies" and that without "an applicable waiver of sovereign immunity [such as a review of an agency action], the district court lacked subject matter jurisdiction to consider [plaintiff's] motion to compel").

## Conclusion

For the foregoing reasons, Plaintiff's motion is denied.

It is so ordered.

New York, NY
August ___, 2017

ROBERT W. SWEET
U.S.D.J.